1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10  JULIANA M. MILEWSKI,          )    NO. CV 08-7200-CT
                                  )
11              Plaintiff,        )    OPINION AND ORDER
                                  )
12         v.                     )
                                  )
13  MICHAEL J. ASTRUE,            )
    Commissioner of              )
14  Social Security,             )
                                  )
15                                )
                Defendant.        )
16  _____)

17

18       For the reasons set forth below, it is ordered that judgment be

19  entered in favor of defendant Commissioner of Social Security ("the

20  Commissioner") because the Commissioner's decision is supported by

21  substantial evidence and is free from material legal error.

22                     SUMMARY OF PROCEEDINGS

23       On October 30, 2008, Juliana M. Milewski ("plaintiff"), filed a

24  complaint seeking judicial review of the denial of benefits by the

25  Commissioner pursuant to the Social Security Act ("the Act").   The

26  parties filed a consent to proceed before the magistrate judge.   On

27  February 2, 2009, plaintiff filed a brief in support of complaint.   On

28  March 4, 2009, the Commissioner filed a brief in opposition.   On March

1  11, 2009, plaintiff filed a response.

2  SUMMARY OF ADMINISTRATIVE RECORD

3      1.   Proceedings

4      On November 7, 2002, plaintiff, who was then in her late twenties

5  with an Associate of Arts degree in travel and hospitality management

6  (TR 54, 72), applied for disability insurance benefits, and, on August

7  21, 2003, for supplemental security income.   (TR 273.)

8      Plaintiff alleges disability since February 12, 2001, due to

9  herniated discs, back pain, numbness and possible neuroma.   (TR 54-56,

10  66.)[1]  Her applications were denied and, in 2004, plaintiff received a

11  hearing before an Administrative Law Judge ("ALJ").   On May 25, 2004,

12  the ALJ issued a decision denying her applications.   (TR 14-19.)   The

13  Appeals Council declined review and plaintiff sought judicial review in

14  this court. On March 17, 2006, this court issued an order reversing and

15  remanding for further proceedings consistent with that opinion.[2]   (TR

16  332-43.)

17      On November 15, 2006, plaintiff, counseled, appeared and testified

18  at a second hearing.   (TR 386-417.)   The ALJ concluded plaintiff is not

19  disabled and issued a decision denying benefits on January 17, 2007

20  (Exhibit 1 and TR 273-80.)

21      Plaintiff sought review and, on August 12, 2008, the Appeals

22  Council issued a decision that adopted and supplemented certain of the

23  ALJ's findings, and ultimately concluded plaintiff is non-disabled.

24  _____

25     [1] "TR" refers to the transcript of the record of
administrative proceedings in this case and will be followed by
26  the relevant page number(s) of the transcript.

27     [2] Case No. CV 04-9029-SGL.

28  2

1  (Exhibit 2 and TR 249-52.)

2       Plaintiff subsequently sought review in this court.

3            2.   Summary Of The Evidence

4       The decisions of the ALJ and appeals council following remand are

5  attached as exhibits 1 and 2 respectively and materially summarize the

6  evidence in the case.

7                    PLAINTIFF'S CONTENTIONS

8       Plaintiff essentially contends the ALJ erred when he:

9  1.   Failed to give appropriate weight to the opinion of two treating

10      physicians that she cannot sit for extended periods of time;

11 2.   Failed to properly evaluate plaintiff's subjective pain complaints;

12 3.   Did not include a sitting limitation in plaintiff's residual

13      functional capacity ("RFC") assessment; and,

14 4.   Found the plaintiff can return to her past relevant work because

15      the hypothetical presented to the VE did not include a sitting

16      limitation.

17                    STANDARD OF REVIEW

18      Under 42 U.S.C. §405(g), this court reviews the Commissioner's

19 decision to determine if: (1) the Commissioner's findings are supported

20 by substantial evidence; and, (2) the Commissioner used proper legal

21 standards.  Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996).

22 Substantial evidence means "more than a mere scintilla," Richardson v.

23 Perales, 402 U.S. 389, 401 (1971), but less than a preponderance.

24 Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

25      When the evidence can reasonably support either affirming or

26 reversing the Commissioner's conclusion, however, the Court may not

27 substitute its judgment for that of the Commissioner.  Flaten v. Sec'y

28                                   3

1  of Health and Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995).   T h e

2  court has the authority to affirm, modify, or reverse the Commissioner's

3  decision "with or without remanding the cause for rehearing."   42 U.S.C.

4  §405(g).

5                                  DISCUSSION

6        1.   The Sequential Evaluation

7        A person is "disabled" for the purpose of receiving social security

8  benefits if he or she is unable to "engage in any substantial gainful

9  activity by reason of any medically determinable physical or mental

10 impairment which can be expected to result in death or which has lasted

11 or can be expected to last for a continuous period of not less than 12

12 months."   42 U.S.C. §423(d)(1)(A).

13       The Commissioner has established a five-step sequential evaluation

14 for determining whether a person is disabled.   First, it is determined

15 whether the person is engaged in "substantial gainful activity."   If so,

16 benefits are denied.

17       Second, if the person is not so engaged, it is determined whether

18 the person has a medically severe impairment or combination of

19 impairments.   If the person does not have a severe impairment or

20 combination of impairments, benefits are denied.

21       Third, if the person has a severe impairment, it is determined

22 whether the impairment meets or equals one of a number of "listed

23 impairments." If the impairment meets or equals a "listed impairment,"

24 the person is conclusively presumed to be disabled.

25       Fourth, if the impairment does not meet or equal a "listed

26 impairment, "it is determined whether the impairment prevents the person

27 from performing past relevant work.   If the person can perform past

28                                      4

1  relevant work, benefits are denied.

2       Fifth, if the person cannot perform past relevant work, the burden
3  shifts to the Commissioner to show that the person is able to perform
4  other kinds of work.  The person is entitled to benefits only if the
5  person is unable to perform other work.  20 C.F.R. §§404.1520, 416.920;
6  Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

7       2.   Issues

8            A.   Physician's Opinions (Issue #1)

9       Plaintiff contends the ALJ erred in failing to consider the
10  opinions of two treating physicians, Vik Singh, M.D., and Lou Ellen
11  Wilson, M.D., and her chiropractor Jeff Tirsch that she has a sitting
12  limitation.

13       A treating physician opinion generally is entitled to great weight,
14  but "is not, however, necessarily conclusive as to either a physical
15  condition or the ultimate issue of disability." See Andrews v. Shalala,
16  53 F.3d 1035, 1041 (9th Cir. 1995)(citation omitted).  The weight given
17  a treating physician's opinion depends on whether it is supported by
18  sufficient medical data and is consistent with other evidence in the
19  record.  See 20 C.F.R. §404.1527, §416.927.

20       When all of the underlying medical findings regarding plaintiff's
21  impairments are similar, the Commissioner must set out "clear and
22  convincing reasons" to reject the opinion of plaintiff's physician.
23  Andrews v. Shalala, 53 F.3d at 1041 (citation omitted), Sprague v.
24  Bowen, 812 F.2d at 1230.  When, however, a treating physician's findings
25  are contradicted by other medical evidence of record, then the
26  Commissioner must provide only "specific and legitimate reasons,"
27  supported by substantial evidence in the record, for rejecting that

28                                    5

1    opinion. <u>Id.</u>

2          Factors that may impact the weight given a treating physician's

3    opinion include the "[l]ength of the treating relationship and the

4    frequency of examination" by the treating physician; and the "nature and

5    extent of the treatment relationship," i.e., whether the physician has

6    knowledge about the claimed impairment. <u>Orn v. Astrue</u>, 495 F.3d 625,

7    631 (9th Cir. 2007) (citing 20 C.F.R. § 404.1527(d)(3)-(6)).

8          The Commissioner may properly reject a treating physician's opinion

9    when it conflicts with the physician's own treatment notes. <u>Connett v.</u>

10   <u>Barnhart</u>, 340 F.3d 871, 875 (9th Cir. 2003)(conclusion that patient with

11   low-back tenderness and pain had lifting, sitting, and standing

12   limitations conflicted with treatment notes where notes did not specify

13   why these limitations would exist or that physician recommended any such

14   limitations); <u>see also</u> <u>Batson v. Comm'r of Soc. Sec. Admin.</u>, 359 F.3d

15   1190, 1195 (9th Cir. 2004)(ALJ may discredit opinion that is conclusory,

16   brief, and unsupported by record or objective medical findings).

17         The Commissioner listed the following specific reasons for

18   discrediting Dr. Singh's sitting limitation. The recent medical

19   evidence of record, from December 2004, July 2004, March 2006, and May

20   2006, indicates plaintiff received no treatment for back pain and

21   suggests no sitting limitation. (Ex. 1 at 4; TR 351-72, 373-84.)

22   Examining physicians Lance Winter, M.D., and A. Nick Shamie, M.D. found

23   plaintiff had no sitting limitation and no positional or activity

24   related symptoms, respectively. (Ex. 1 at 4; TR 179-83, 167-68.) Dr.

25   Singh's treatment notes indicate plaintiff obtained significant

26

27

28                                          6

moderation of pain due to his treatment.[3]  (Ex. 1 at 4; TR 129-45.)  Dr. Singh's medical findings, upon which his conclusion of a sitting limitation is based, are contradicted by the essentially unremarkable examinations of other examining physicians.  (Ex. 1 at 4; TR 149-52, 166-68, 184-85, 212-17.)  Dr. Singh wrote his opinion in October 2003, more than one year after his last consultation with plaintiff and not contemporaneously with that treatment, and it was based on a mere three-month period of care.  (Ex. 1 at 4; TR 191-95, 129-45.)

The Commissioner listed the following specific reasons for rejecting Dr. Wilson's opinion.  Dr. Wilson did not identify any basis for a sitting limitation.  (Ex. 2 at 2; TR 283-85.)  Dr. Wilson did not treat the claimant for back impairment.  (Ex. 2 at 2; TR 286-322.)  During the entire time plaintiff was treated by Dr. Wilson, she did not complain of back pain, but of reflux, right-upper-quadrant discomfort, palpitations, and stress.  (Ex. 2 at 2; TR 286-322.)  Dr. Wilson's treatment notes indicate she made no recommendation regarding sitting or other back-related limitations.  (Ex. 2 at 2; TR 286-322.)

With respect to plaintiff's chiropractor, Dr. Tirsch, a chiropractor is not considered an acceptable medical source, see 20 C.F.R. § 404.1513, and while plaintiff was free to offer chiropractic evidence to help the Commissioner, there is no requirement that the Commissioner accept or specifically refute such evidence.  Bunnell v. Sullivan, 912 F.2d 1149, 1152 (9th Cir. 1990), modified on other grounds, 947 F.2d 341 (9th Cir. 1991).  In any event, the ALJ listed

---

[3] Furthermore, as in Connett, 340 F.3d at 875, Dr. Singh's notes did state why plaintiff would have a sitting limitation or suggest he recommended plaintiff limit her sitting to obtain relief. (TR 144-48.)

1  multiple, significant reasons for not crediting Dr. Tirsch's
2  conclusions. (Ex. 1 at 4.) Dr. Tirsch's stated his conclusion
3  regarding a sitting limitation more than two years after he had last
4  treated plaintiff and not contemporaneously. (Ex. 1 at 4; TR 186-90.)
5  His opinion was derived from sporadic care that lasted for only six
6  months. (Ex. 1 at 4; TR 121-25, 196-211.) Additionally, the findings
7  in Dr. Tirsch's treatment notes were inconsistent with the examinations
8  of other treating physicians. (Ex. 1 at 4; TR 121-25, 149-50, 166-68,
9  184-85, 196-211, 212-17.)

10  Where the evidence is susceptible of more than one rational
11  interpretation, if the Commissioner makes full and detailed finding, the
12  Commissioner's conclusion must be upheld. Key v. Keckler, 754 F.2d 1545,
13  1549 (9th Cir. 1985). Accordingly, this court finds the Commissioner's
14  decision to reject the opinions of Dr. Singh and Dr. Wilson is supported
15  by substantial evidence and free from material legal error.

16          B.   Subjective complaints (Issue #2)

17  Plaintiff contends the Commissioner did not properly evaluate her
18  subjective complaints regarding the duration and intensity of pain
19  symptoms.

20  The Commissioner evaluates a plaintiff's symptom testimony under a
21  two-step analysis. First, a plaintiff in a social security case must
22  "produce medical evidence of an underlying impairment which is
23  reasonably likely to be the cause of the alleged pain." Bunnell v.
24  Sullivan, 947 F.2d at 343. Once the plaintiff produces this evidence,
25  the medical findings need not support the severity of the symptoms, and
26  the Commissioner must provide clear and convincing reasons and make
27  specific findings to support a conclusion that a plaintiff is not
28

8

1  credible.   Id.   Plaintiff's lack of self-reporting to her physicians
2  about the extent of her symptoms as alleged before the Commissioner is
3  a clear and convincing reason to find plaintiff not to be credible.
4  Connett v. Barnhart, 340 F.3d at 873 (Commissioner properly rejected
5  plaintiff's testimony in part because she never reported the alleged
6  restriction to a physician).

7      Plaintiff testified that she still has back pain that ranges
8  between a 5-6 to a 9-10 on a scale of 1-10 and that she must modify her
9  daily activities to accommodate her pain.   (TR 407-416.)

10     The Commissioner found plaintiff was "not fully credible" for the
11 following reasons.   (Ex. 1 at 6; Ex. 2 at 2.)   She has not sought or
12 received any medical treatment for back pain in the past three years.
13 (Ex. 1 at 6; TR 286-322, 407-08.)   She has been able to work part-time
14 for two years and take care of three minor children. (Ex. 1 at 6; TR
15 408-09.)   Although she testified that her mother lives in the home and
16 helps her with child care, the medical record indicates she made
17 repeated complaints that she is "very busy" having to care for not only
18 her children but also her mother who requires "medical care." (Ex. 1 at
19 6; Ex. 2 at 3; TR 307.)   Further, she has not sought medication
20 specifically for back pain in at least three years, and instead appears
21 to have received pain medication for gallstone pain, and though she
22 indicates some associated fatigue from pain medication she does not
23 indicate severe side effects.   (Ex. 1 at 6; 286-322, 413-14.)

24     Accordingly, this court finds the Commissioner's conclusion that
25 plaintiff's subjective complaints are fully not credible is supported by
26 substantial evidence and free from material legal error.

27

28                                    9

C.   RFC Finding (Issue #3)

Plaintiff contends the RFC finding is erroneous because it directly adopts examining physician Dr. Winter's RFC[4] (see Ex. 1 at 6; TR 179-83), which was improperly silent regarding plaintiff's ability to sit, and furthermore, that Dr. Winter's RFC thus contradicts the opinions of Dr. Singh and Dr. Wilson regarding a sitting limitation.

The Commissioner is not required to make a function-by-function analysis for medical conditions or impairments that were properly found not credible or supported by the record. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005)(citing Social Security Ruling 96-8p).

As was discussed above, the Commissioner concluded the sitting limitation proposed by Dr. Singh and Dr. Wilson was not credible or supported by the record. Accordingly, the adoption of Dr. Winter's RFC is supported by substantial evidence and free from material legal error.

D.   Past Relevant Work/VE Hypothetical (Issue #4)

Plaintiff contends the VE's testimony that she can return to her past relevant work was erroneous because the hypothetical to the VE "does not consider the limitation for sitting."

A hypothetical propounded to a VE must be based on medical assumptions that are supported by substantial evidence in the record. Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001).   A proper hypothetical question may exclude limitations claimed by plaintiff but which the Commissioner finds do not exist based on substantial evidence.

_____

[4]   Indeed, in doing so, the ALJ noted that even Dr. Winter's RFC assessment was likely more narrow than is justified under the medical evidence of record, given that Dr. Winter qualified his own findings by noting that plaintiff was seven months pregnant when he treated her.  (Ex. 1 at 4, 6; TR 179-83.)

1 | <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001).

2 | Again, the ALJ adopted examining physician Dr. Winter's RFC and

3 | constructed a hypothetical to the VE derived from that RFC. (Ex. 1 at 6-

4 | 7; TR 179-83.)   Accordingly, the hypothetical and the VE's consequent

5 | testimony are supported by substantial evidence and free from material

6 | legal error.

7 | **CONCLUSION**

8 | If the evidence can reasonably support either affirming or

9 | reversing the Commissioner's conclusion, the court may not substitute

10 | its judgment for that of the Commissioner.   <u>Flaten v. Sec'y of Health</u>

11 | <u>and Human Servs.</u>, 44 F.3d at 1457.

12 | After careful consideration of the record as a whole, the

13 | magistrate judge concludes that the Commissioner's decision is supported

14 | by substantial evidence and is free from material legal error.

15 | Accordingly, it is ordered that judgment be entered in favor of the

16 | Commissioner.

17 | DATED: *March 12, 2009*

18 | _____

19 | CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE

11

273

# SOCIAL SECURITY ADMINISTRATION
## Office of Disability Adjudication and Review

### DECISION

| | |
|---|---|
| **IN THE CASE OF** | **CLAIM FOR** |
| | Period of Disability, |
| | Disability Insurance Benefits, and |
| Juliana M. Milewski | Supplemental Security Income |
| (Claimant) | |
| | |
| (Wage Earner) | (Social Security Number) |

## INTRODUCTION

On November 7, 2002 the claimant filed an application for Disability Insurance Benefits under Title II of the Social Security Act. On August 21, 2003 she filed an application for Supplemental Security Income (SSI) payments under Title XVI of the Act. She alleged an inability to work since February 12, 2001 due to herniated discs in her lower back. The claimant's applications were denied by the State Agency, and a request for hearing was timely filed. After a hearing in this matter was held before the undersigned Administrative Law Judge on February 12, 2004, a decision was issued on May 25, 2004 (Exhibit 4A). In that decision the undersigned found that the claimant was not disabled, and that she was able to perform her past work. The claimant thereafter filed a request for review (Exhibit 12B). That request was denied by the Appeals Council on September 3, 2004 (Exhibit 13B). The claimant then filed an action in the United States District Court for the Central District of California (CV 04-9029-SGL). On March 17, 2006 a United States Magistrate issued an order reversing and remanding the Commissioner's decision denying benefits (Exhibit 5A). On May 6, 2006 the Appeals Council issued an order vacating the undersigned's decision and remanding the case to the undersigned for further proceedings consistent with the court's order (Exhibit 6A).

A hearing in this matter was held before the undersigned on November 15, 2006 in West Los Angeles, California. The claimant was present at the hearing and testified. She was represented by Robert Lowenstein, an attorney. Vocational expert testimony was received from June Hagen, Ph.D.

See Next Page

**EXHIBIT 1**

Juliana M. Milewski (████████)                          Page 2 of 8

274

The undersigned has thoroughly considered all of the documents identified in the record as exhibits, the hearing testimony, and the arguments presented.

## ISSUES

The general issue is whether the claimant is entitled to a period of disability, Disability Insurance Benefits, and eligible for Supplemental Security Income payments under Sections 216(i), 223, and 1614(a)(3)(A), respectively, of the Social Security Act. The specific issue is whether she is under a disability, which is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

Upon reviewing all of the evidence of record, the undersigned has concluded that the claimant is not disabled within the meaning of the Social Security Act.

## EVALUATION OF THE EVIDENCE

The record establishes that the claimant is now 33 years old. She has a high school education as well as an AA degree. She has vocationally relevant work experience as a sales consultant, sales manager, benefits clerk, switchboard operator, hotel clerk, waitress and executive assistant. With regard to the claim for a period of disability and Disability Insurance Benefits, the claimant meets the nondisability requirements set forth in Section 216(i) of the Social Security Act and is insured for disability benefits through the date of this decision.

In order to determine whether the claimant is disabled, a five-step evaluation must be performed pursuant to 20 CFR §§ 404.1520 and 416.920. The five-step evaluation requires the following sequential analysis:

> If the claimant is performing substantial gainful work, she is not disabled.

> If the claimant is not performing substantial gainful work, her impairment(s) must be "severe" before she can be found to be disabled.

> If the claimant is not performing substantial gainful work and has a "severe" impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is presumed disabled without further inquiry.

> If the claimant's impairment (or impairments) does not prevent her from doing her past relevant work, she is not disabled.

See Next Page



Even if the claimant's impairment or impairments prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her residual functional capacity and vocational factors, she is not disabled.

The Regulations at 20 CFR §§ 404.1572 and 416.972 define substantial work activity as work that involves doing significant physical or mental activities. Work can be considered substantial even if it is done on a part-time basis or if less money is earned or work responsibilities are lessened from previous employment. Gainful work activity is the kind of work usually done for pay or profit, whether or not a profit is realized.

The claimant testified that for the past 2 years she has worked for the L.A. Auto Show. She works 2-4 hours for two days a week. The claimant's earnings record does not reflect any wages subsequent to 2001. Based on the hours per week the claimant is working the undersigned finds that her current employment is not substantial gainful activity (20 CFR 404.1574 and 416.974).

A medically determinable impairment or combination of impairments is "severe" if it significantly limits an individual's physical or mental ability to do basic work activities (20 CFR §§ 404.1520 and 416.920). The Regulations require that if a "severe" impairment exists, all medically determinable impairments must be considered in the remaining steps of the sequential analysis (20 CFR §§ 404.1523 and 416.923). The medical evidence indicates that the claimant has diffuse degenerative disc disease of the lumbar spine with herniated nucleus pulposus. The undersigned finds that this impairment is "severe" within the meaning of the Regulations but that it does not meet or medically equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. Specifically, the undersigned finds that the claimant's spinal condition does not satisfy the criteria of section 1.04 (nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis with peudoclaudication).

The undersigned must therefore next determine whether the claimant retains the residual functional capacity to perform the requirements of her past relevant work or other work existing in significant numbers in the national economy. The term "residual functional capacity" is defined in the Regulations as the most an individual can still do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks (20 CFR §§ 404.1545 and 416.945 and Social Security Ruling 96-8p). In making this assessment, the undersigned must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 CFR §§ 404.1529 and 416.929, and Social Security Ruling 96-7p. The undersigned must also consider any medical opinions, which are statements from acceptable medical sources, which reflect judgments about the nature and severity of the impairment and resulting limitations (20 CFR §§ 404.1527 and 416.927 and Social Security Rulings 96-2p and 96-6p).

In the prior decision the undersigned found (based on the expert medical testimony of Michael Gurvey, M.D., a board certified orthopedist) that the claimant was capable of performing light work (lifting and carrying 10-20 pounds with walking and standing of 6 hours in an 8 hour work day) with no more than occasional climbing of ladders or crawling. Based on the testimony of a


EXHIBIT

276

vocational expert the undersigned held that the claimant was able to perform her past jobs as a salesperson, hotel sales representative, and benefits clerk. Thus, the claimant was found to be not disabled.

In its order reversing the undersigned's decision the court found that the decision failed to discuss the weight given to the orthopedic evaluation of the claimant in February 2003 by Lance Winter, D.O. (Exhibit 12F). The court thus felt that the matter must be remanded for development of the vocational expert's opinion regarding whether the claimant can perform any type of work based on Dr. Winter's opinion. At the outset, the undersigned acknowledges that the prior decision's failure to address the report of Dr. Winter was an unintended omission. However, the undersigned finds the court's reference to Dr. Winter as the claimant's "examining physician" to be a mischaracterization which implies a treating relationship. In fact, Dr. Winter conducted a <u>consultative</u> examination of the claimant at the request and expense of the Social Security Administration. He noted that the claimant complained of continued low back pain radiating to her right leg since her February 2001 automobile accident. The claimant also alleged having right leg weakness and right foot pain with some toe numbness. The examination was notable for a limited range of lumbosacral spine motion, mild tenderness of the sciatic nerve, mildly positive straight leg raising, hyperesthesia in the right foot, and dulled sensation in the S1 dermatome. Notably, motor strength and reflexes were normal in both lower extremities. As noted by the court, Dr. Winter felt that the claimant's 7 month pregnancy could have been contributing to her lower back and leg symptoms, and he thus <u>recommended a re-evaluation after the delivery of the baby</u>. However, based on the claimant's current presentation, Dr. Winter found that the claimant was limited to pushing, pulling, lifting and carrying of 10 pounds occasionally, less than 10 pounds frequently, and no more than occasional bending, kneeling, stooping, crawling, crouching, walking on uneven terrain, climbing ladders, and working at heights.

In the prior decision the undersigned rejected the opinions of chiropractor Jeff Tirsch, D.C. and pain management specialist Vik Singh, M.D. as being unsupported by substantial medical evidence (Exhibits 5F, 7F, 15F and 16F). The undersigned again emphasizes that Mr. Tirsch only provided treatment to the claimant for a very brief period (February 2001 to August 2001) during which time her progress was hampered by a pregnancy. While a chiropractor is not an acceptable medical source and evidence from a chiropractor may not be used to establish the existence of a medically determinable impairment, such evidence may still be used to show the severity of an individual's impairment and how it affects her ability to work (20 CFR 404.1513 and 416.913). Thus, the opinion of a chiropractor must be considered in terms of its quality and how well it is supported (Social Security Ruling 06-03p). The undersigned has evaluated the residual functional capacity assessment of Mr. Tirsch and finds that it is not convincing. It was rendered in October 2003, more than 2 years after the claimant was last seen by him. It was also based on a very sporadic period of care which lasted only 6 months. Similarly, the assessment by Dr. Singh is also not credible. It was also given in October 2003, over 1 year after the claimant was last seen by this doctor, and was based on a mere 3 month period of care. Moreover, the progress notes by Dr. Singh indicated that the claimant obtained temporary but significant pain relief (Exhibit 7F, p. 4). Additionally, as noted in the prior decision, the opinions of Mr. Tirsch and Dr. Singh are inconsistent with the essentially unremarkable examinations by orthopedists Phillip

See Next Page



Juliana M. Milewski ▬▬▬▬▬                                      Page 5 of 8

277

Conwisar, M.D. (July 2002), Nick Shamie, M.D. (August 2002 and June 2003), and Andrew Schwartz, M.D. (October 2002) – Exhibits 8F, 10F, 13F and 17F.

The most recent medical evidence shows that the claimant underwent uncomplicated podiatric surgery for a neuroma on her right foot in December 2004 (Exhibit 19F). She was also seen in the emergency room in July 2004 for headaches and diarrhea, in March 2006 for abdominal pain after an abortion, and in May 2006 for chest pain and dyspnea (with an entirely normal work-up) (Exhibit 18F). Notably, there was no evidence of any treatment for back pain.

The claimant testified that she still has back pain and does physical therapy daily. She has learned how to moderate her daily activities. She has worked for the L.A. Auto Show for the last 2 years two days a week for 2-4 hours at a time. On a scale of 1-10 the claimant rated her pain as a 5-6.

20 CFR 404.1529, 416.929 and Social Security Ruling 96-7p require that in determining whether an individual is disabled, the adjudicator must consider all of the individual's subjective symptoms, including pain, and the extent to which the individual's symptoms can be accepted as consistent with the objective medical evidence and other evidence. Once an underlying physical or mental impairment that reasonably could be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to perform basic work related activities. In evaluating the intensity and persistence of the individual's symptoms, including pain, the adjudicator must consider all of the available evidence including the individual's medical history, the medical signs and laboratory findings, and statements by the individual, his or her treating or examining physician or psychologist, and other persons about how the symptoms affect the individual.

Factors relevant to an individual's symptoms, such as pain, which the adjudicator must consider include: the individual's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication the individual takes to alleviate his or her pain or other symptoms; treatment, other than medication, which the individual receives for relief of pain or other symptoms; any measures the individual uses to relieve pain or other symptoms; and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

In making a finding about the credibility of an individual's statements, the adjudicator need not totally accept or totally reject the individual's statements. The adjudicator may find all, only some, or none of the individual's allegations to be credible, or may find his or her statements credible to a certain degree. The adjudicator may consider factors such as: the degree to which the individual's statements are consistent with the medical signs and laboratory findings and other information provided by medical sources, including medical history and treatment; the consistency of the individual's own statements, such as those made by the individual to treating or examining medical sources; and the consistency of the individual's statements with other information in the record, including reports and observations by other persons concerning the

See Next Page



278

individual's daily activities, behavior, and efforts to work (including observations by SSA employees).

After thoroughly evaluating the claimant's alleged symptoms and limitations in accordance with the above criteria, the undersigned finds that the claimant is capable of performing work related activities. It is notable that the claimant has been able to work part-time for the past 2 years and take care of her three minor children (her husband works full-time). There is no evidence that she has had any medical treatment for back pain for the past few years. The claimant has not indicated that her medications are ineffective or that they cause any severe side-effects. It is evident that there is no entirely satisfactory opinion of the claimant's residual functional capacity in the record. The opinion of Dr. Winter was made during the claimant's 7th month of pregnancy, and was qualified by Dr. Winter on that basis. It is thus not clear to the undersigned why the court referred to Dr. Winter's opinion as being "true," or what that specifically means. The opinions of the chiropractor and Dr. Singh were made long after their respective periods of treatment had ended and are thus of very limited probative value.

While the undersigned is still not entirely convinced that the opinion of Dr. Winter is credible, the undersigned will adopt it for the purposes of this decision. Accordingly, the undersigned finds that the claimant retains the following residual functional capacity: lift 10 pounds occasionally, lift and carry less than 10 pounds frequently, walk and stand for 2 hours in an 8 hour work day, and no more than occasional bending, kneeling, stooping, crawling, crouching, walking on uneven terrain, climbing ladders, and working at heights. This is essentially consistent with a full range of sedentary work, as sedentary work does not ordinarily require the performance of the postural and agility related tasks which the claimant is restricted from performing more than occasionally (Social Security Rulings 83-10 and 96-9p).

Based upon the claimant's residual functional capacity, the undersigned must determine whether the claimant can perform any of her past relevant work. The phrase "past relevant work" is defined in the Regulations at 20 CFR §§ 404.1565 and 416.965. The work usually must have been performed within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the claimant to learn to do the job and meet the definition of substantial gainful activity.

The impartial vocational expert testified that based upon the claimant's residual functional capacity, the claimant could return to her past relevant work as a benefits clerk (sedentary semiskilled work per D.O.T. 205.567-010) and executive assistant (sedentary semiskilled work per D.O.T. 311.477-030), both as these jobs were previously performed by her and as they are generally performed in the national economy.

The undersigned thus finds that the claimant was not under a disability as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(f) and 416.920(f)).

See Next Page



Juliana M. Milewski ████████                                    Page 7 of 8              279

## FINDINGS

After careful consideration of the entire record, the Administrative Law Judge makes the following findings:

1.  The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2.  The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3.  The claimant's diffuse degenerative disc disease of the lumbar spine with herniated nucleus pulposus is a "severe" impairment, based upon the requirements in the Regulations (20 CFR §§ 404.1520 and 416.920).

4.  This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5.  The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6.  The claimant has the following residual functional capacity: lift 10 pounds occasionally, lift and carry less than 10 pounds frequently, walk and stand for 2 hours in an 8 hour work day, and no more than occasional bending, kneeling, stooping, crawling, crouching, walking on uneven terrain, climbing ladders, and working at heights.

7.  The claimant's past relevant work as a benefits clerk (sedentary semiskilled work per D.O.T. 205.567-010) and executive assistant (sedentary semiskilled work per D.O.T. 311.477-030) did not require the performance of work-related activities precluded by her residual functional capacity (20 CFR §§ 404.1565 and 416.965).

8.  The claimant's medically determinable diffuse degenerative disc disease of the lumbar spine with herniated nucleus pulposus does not prevent the claimant from performing her past relevant work.

9.  The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR §§ 404.1520(f) and 416.920(f)).

## DECISION

It is the decision of the Administrative Law Judge that, based on the applications filed on November 7, 2002, the claimant is not entitled to a period of disability, Disability Insurance Benefits, and not eligible for Supplemental Security Income payments under Sections 216(i),

See Next Page



Juliana M. Milewski,                                     Page 8 of 8

                                                              286

223, 1602, and 1614(a)(3)(A) respectively, of the Social Security Act.


_____
Sherwin F. Biesman
Administrative Law Judge


JAN 1 7 2007
_____
Date


**EXHIBIT**

249

## SOCIAL SECURITY ADMINISTRATION
OFFICE OF DISABILITY ADJUDICATION AND REVIEW

## DECISION OF THE APPEALS COUNCIL

| In the case of | Claim for |
|---|---|
| | Period of Disability and |
| | Disability Insurance Benefits |
| JULIANA M. MILEWSKI | Supplemental Security Income |
| (Claimant) | |

_____     _____
(Wage Earner) (Leave Blank if same as above)     (Social Security Number)

The claimant asked the Appeals Council to review the Administrative Law Judge's decision dated January 17, 2007.   In this regard, the Council notes that the Administrative Law Judge found that the claimant has the residual functional capacity to occasionally lift and/or carry 10 pounds and frequently less than 10 pounds.  She could stand and/or walk 2 hours in an 8 hour workday; and could occasionally bend, kneel, stoop, crawl, crouch, climb ladders, work at heights and could walk on uneven terrain.  No limitation was placed on sitting.  Thus, she was found "not disabled."  On May 23, 2008, the Appeals Council notified the claimant and the representative that it had granted the request for review.  In that notice, the Council proposed to issue a decision finding that the claimant is not entitled to or eligible for benefits under the Social Security Act.  The Council also notified the claimant and the representative that it would consider any comments or new and material evidence that the claimant or the representative submitted within 30 days from the date of the notice.  Comments have been received and considered.

By letter dated June 18, 2008, the claimant's representative argues that the records and opinion of the claimant's treating physician, Dr. Wilson should be given great weight.  The representative also argues that the Administrative Law Judge erred in relying upon the report of Dr. Winter without further contacting the doctor to determine whether there existed a sitting limitation.  The representative further argues that the Administrative Law Judge failed to specify why he did not find the claimant credible.  The Appeals Council has entered into the record the Council's notice of proposed action and additional comments/arguments which are listed in the Supplemental List of Exhibits attached to this decision

The Appeals Council adopts the Administrative Law Judge's statements regarding the pertinent provisions of the Social Security Act, Social Security Administration Regulations, Social Security Rulings and Acquiescence Rulings, the issues in the case, and the evidentiary facts, as applicable.


EXHIBIT 2

JULIANA M. MILEWSKI (█████████)                    Page 2 of 4    .250

The Appeals Council adopts the Administrative Law Judge's findings or conclusions regarding whether the claimant is disabled.

The regulations provide for a sequential evaluation process in determining whether a claimant is disabled (20 CFR 404.1520 and 416.920). The Appeals Council agrees with the Administrative Law Judge's findings under steps 1, 2, 3 and 4 of the sequential evaluation; namely, that the claimant has not engaged in substantial gainful activity since February 12, 2001, that the claimant has a severe impairment which does not meet or equal in severity an impairment in the Listing of Impairments and that she is capable of performing past relevant work. Additionally, Council will address the opinion of Dr. Wilson's assessment which the Council finds is not supported, and further address credibility.

The claimant contended that the Administrative Law Judge did not mention the medical records from her treating physician, Lou Ellen Wilson, M.D., which she submitted prior to the decision being issued. The Council notes that on September 18, 2006, Dr. Wilson completed a Physical Residual Functional Capacity questionnaire that, if fully credited, would preclude the performance of all substantial gainful activity. However, Dr. Wilson does not identify any medical findings on this assessment form that would warrant such limitations. Dr. Wilson has not treated the claimant for any back impairment. His treatment notes reflect treatment for intermittent complaints that were responsive to treatment. In January 2006 the claimant complained of what was considered atypical chest pain probably due to "reactive airway/reflux" and which was not a problem when she was exerting herself. Again in February 2006, the claimant reported similar pain present for about "three days" with "No previous episode or problem." The claimant had no other complaints. By April 2006, the claimant complaints of right upper quadrant discomfort had "eased up" with "on and off reflux symptoms." Thereafter, she complained of palpitations at times attributed to dehydration or connected with stress from what appeared to be a busy home life carrying for her children and ill mother. Cardiovascular testing was normal. In August 2006 it was noted that while she had another episode of "probably anxiety related chest pain" her palpitations were under good control with a beta-blocker and her reflux symptoms were controlled except for "occasional burping." With regard to the representative argument that the records and opinion of the claimant's treating physician, Dr. Wilson should be given great weight, the Council finds that Dr. Wilson's treatment notes do not reflect a level of impairment that is consistent with his assessment of a disabling level of dysfunction or persuasive for a more restrictive residual functional capacity than assessed by the Administrative Law Judge.

The representative also argues that the Administrative Law Judge erred in relying upon the report of Dr. Winter without further contacting the doctor to determine whether there existed a sitting limitation. The Council finds that the Administrative Law Judge's analysis concerning Dr. Winter is supported by substantial evidence [January 17, 2007 decision, page 4, para 8]. The Administrative Law Judge considered all of the evidence available from Dr. Winter and Dr. Winter's assessment is not ambiguous in a way that would warrant further contact [20 CFR 404.1512 and 416.912]. As noted in the decision, Dr. Winter had otherwise qualified his assessment as made when the claimant was seven months pregnant [Decision, page 6]. The decision had equated the assessment as consistent with essentially the full range of sedentary work. Therefore, the Council is also clarifying the residual functional capacity assessment at


EXHIBIT

JULIANA M. MILEWSKI ██████████                    Page 3 of 4      251

Finding 3 [Decision, page 7] as allowing sitting for at least six hours in an 8 hour work day.

The Council also notes that the claimant's representative contended that the Administrative Law Judge misconstrued the claimant's testimony regarding her activities of daily living by not acknowledging that the claimant's mother lived with her and helped with the children. However, Dr. Wilson's notes disclosed repeated complaints that the claimant was "very busy" having to take care of not only her own children but also her mother who requires "medical care." While the Administrative Law Judge did not address this evidence in his decision, the Council notes this evidence further supports his finding that the claimant's complaints were not fully credible.

The Appeals Council considered the claimant's statements concerning the subjective complaints (Social Security Ruling 96-7p) and adopts the Administrative Law Judge's conclusions in that regard.

### FINDINGS OF THE APPEALS COUNCIL

The Appeals Council has considered the entire record and makes the following findings.

1. The claimant met the special earnings requirements of the Act on February 12, 2001, the date the claimant stated she became unable to work and continues to meet them through March 31, 2006. The claimant has not engaged in substantial gainful activity since February 12, 2001.

2. The claimant has the following severe impairment: diffuse degenerative disc disease of the lumbar spine with herniated nucleus pulposus, but does not have an impairment or combination of impairments which is listed in, or which is medically equal to an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.

3. The claimant's impairment results in the following limitations on her ability to perform work-related activities: she can lift 10 pounds occasionally, lift carry less than 10 pounds frequently, sit for at least 6 hours in an 8 hour work day, walk and stand for 2 hours in an 8 hour work day. The claimant can engage in no more than occasional bending, kneeling, stooping, crawling, crouching, walking on uneven terrain, climbing ladders, and working at heights.

4. The claimant's subjective complaints are not fully credible for the reasons identified in the body of this decision.

5. The limitations on the claimant's ability to perform work-related activities as set forth in Finding 3 do not preclude the performance of past relevant work as a benefits clerk and executive assistant. Therefore, the claimant's impairment does not preclude the performance of past relevant work (20 CFR 404.1520(e) and 416.920(e)).

6. The claimant is not disabled as defined in the Social Security Act at any time through the



JULIANA M. MILEWSKI ███████                                    Page 4 of 4        252

date of this decision.

## DECISION

Based on the application filed on November 7, 2002, the claimant is not entitled to or eligible for a period of disability or disability insurance benefits under sections 216(i) and 223, respectively, or Supplemental Security Income payments under sections 1602 and 1614(a)(3)(A) of the Social Security Act.

APPEALS COUNCIL

Mark K. Haydu
Administrative Appeals Judge
    Mark K. Haydu
    Administrative Appeals Judge

Robert M. Goldberg
Administrative Appeals Judge
    Robert M. Goldberg
    Administrative Appeals Judge

Date:   AUG 1 2 2008


EXHIBIT